IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JEREMY ZAVALA, 1500424, ) | |
| Petitioner, ) | |
| ) | |
| v.   ) | No. 3:11-CV-3445-O |
| ) | |
| RICK THALER, Director, Texas ) | |
| Dept. Of Criminal Justice, Correctional ) | |
| Institutions Division, ) | |
| Respondent. ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The Findings, Conclusions and Recommendation of the Magistrate Judge are as follows:

**I. Background**

Petitioner challenges his conviction for murder. *State of Texas v. Jeremy Zavala*, No. F-0800190-N (195th Jud. Dist. Ct., Dallas County, Tex., Apr. 18, 2008). Petitioner was sentenced to thirty-five years in prison.

On July 31, 2009, the Fifth District Court of Appeals affirmed the conviction and sentence. *Zavala v. State*, No. 05-08-00621-CR (Tex. App. – Dallas 2009, pet. ref'd). On December 16, 2009, the Court of Criminal Appeals refused Petitioner's petition for discretionary review.

On March 3, 2011, Petitioner filed a state application for writ of habeas corpus. *Ex parte Zavala*, No. 75,907-01. On June 8, 2011, the Texas Court of Criminal Appeals denied the

petition without written order on the findings of the trial court.

On December 8, 2011, Petitioner filed this federal petition pursuant to 28 U.S.C. § 2254. He argues:

(1) he received ineffective assistance of counsel; and

(2) the trial court abused its discretion in restricting voir dire.

On February 22, 2013, Petitioner added the following claim:

(3) the trial court erred in denying his motion to quash the indictment.

On May 16, 2012, Respondent filed his answer arguing the petition is time-barred. On August 13, 2012, Petitioner filed his reply. The Court now finds the petition should be dismissed as barred by the one-year statute of limitations.

## II. Discussion

### A. Statute of Limitations

Petitioner filed his § 2254 petition after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Therefore, the AEDPA governs the present petition. *See Lindh v. Murphy*, 521 U.S. 320 (1997). The AEDPA establishes a one-year statute of limitations for federal habeas proceedings. *See* Antiterrorism and Effective Death Penalty Act, Pub.L. 104-132, 110 Stat. 1214 (1996).

In most cases, the limitations period begins to run when the judgment becomes final after direct appeal or the time for seeking such review has expired. *See* 28 U.S.C. § 2244(d)(1)(A).[1]

---

[1] The statute provides that the limitations period shall run from the latest of--

    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking direct review;

On December 16, 2009, the Court of Criminal Appeals refused Petitioner's petition for discretionary review. His conviction became final ninety days later on March 16, 2010. *See* Sup. Ct. R. 13; *see also Gonzales v. Thaler*, __ U.S. __, 132 S.Ct. 641, 653-54 (2012) (stating the judgment becomes final at the expiration of the time for seeking direct review, regardless of when mandate issues); *Roberts v. Cockrell*, 319 F.3d 690, 694-95 (5th Cir. 2003) (same). Petitioner then had one year, or until March 16, 2011, to file his federal petition.

The filing of a state application for habeas corpus tolls the statute of limitations. *See* 28 U.S.C. § 2244 (d)(2). On March 3, 2011, Petitioner filed a state petition for writ of habeas corpus. The petition was denied on June 8, 2011. The petition therefore tolled the limitations period for 98 days. When 98 days were added to the March 16, 2011, limitations date, the new limitations date became June 22, 2011.

Petitioner was required to file his federal petition by June 22, 2011. He did not file his petition until December 8, 2011. His petition is therefore untimely.

---

(B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

**B. Equitable Tolling**

The one-year limitation period is subject to equitable tolling in "rare and exceptional cases." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998); *see also Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir.1999) (asserting that courts must "examine each case on its facts to determine whether it presents sufficiently 'rare and exceptional circumstances' to justify equitable tolling" (quoting *Davis*, 158 F.3d at 811)). The Fifth Circuit has held that " '[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.' " *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir.1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir.1996)). Petitioner bears the burden of proof to show he is entitled to equitable tolling. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).

In this case, Petitioner argues the state prevented his timely filing by not responding to his requests for his trial records. He claims the state did not respond to his requests for the trial records until August 19, 2010, when he was able to make payment for the records. Petitioner, however, has not shown that he was entitled to a free copy of his trial records. He also has not stated how the records were required for him to file his state habeas petition. Further, he has not explained why, once he received his state records, he waited approximately seven months to file his state habeas petition. After his state habeas petition was denied, he then waited six months to file his federal habeas petition. Petitioner has not shown that he diligently pursued his habeas remedies. *See Covey v. Arkansas River Co.*, 865 F.2d 660, 662 (5th Cir. 1989) ("[E]quity is not intended for those who sleep on their rights."*)*. Petitioner has failed to show rare and exceptional circumstances justifying equitable tolling in this case.

**RECOMMENDATION**:

The Court recommends that the petition for a writ of habeas corpus be dismissed with prejudice as barred by the one-year limitation period. *See* 28 U.S.C. §2244(d).

Signed this 29th day of April, 2013.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).